```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

ANTHONY MCDERMOTT,              )
     Plaintiff                  )
                                )
          v.                    )    C.A. No. 14-12801-MLW
                                )
MARCUS WILSON,                  )
     Defendant                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                       February 10, 2016

On June 27, 2014, plaintiff Anthony McDermott sued defendant Marcus Wilson for breach of fiduciary duty in the Middlesex Superior Court for the Commonwealth of Massachusetts. Wilson removed the case to federal court on June 30, 2014. On August 12, 2014, this court issued an Order finding that the parties had entered into an enforceable settlement agreement and directing them to perform their obligations under it. See Docket No. 15 (the "Enforcement Order"). On September 15, 2014, Wilson filed a Motion for Contempt, alleging that McDermott failed to perform all of his obligations under the settlement agreement and thereby violated the Enforcement Order. For the reasons explained below, Wilson's Motion for Contempt is being DENIED without prejudice.

I. LEGAL STANDARD

"'[C]ourts have the inherent power to enforce compliance with their lawful orders through civil contempt.'" Spallone v. United States, 493 U.S. 265, 276 (1990) (quoting Shillitani v. United

States, 384 U.S. 364, 370 (1966)). A party may be held in civil contempt for violating a court order if the complainant proves "(1) that the alleged contemnor had notice that he was within the order's ambit; (2) that the order was clear and unambiguous; (3) that the alleged contemnor had the ability to comply; and (4) that the order was indeed violated." United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005) (internal citations omitted). The complainant must prove each element by clear and convincing evidence. See id. "[A]ny ambiguities or uncertainties in [the underlying] court order must be read in a light favorable to the person charged with contempt." Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991).

Private settlements are generally not subject to court approval or enforcement through civil contempt. See Aronov v. Napolitano, 562 F.3d 84, 91 (1st Cir. 2009). However, this "does not mean that a private settlement agreement may never involve approval by the court." Disability Law Ctr. v. Massachusetts Dep't of Correction, 960 F. Supp. 2d 271, 284 (D. Mass. 2012). When parties dispute the existence or terms of a settlement agreement in a pending matter, "the party who seeks to keep the settlement intact may file a motion for enforcement." Malave v. Carney Hosp., 170 F.3d 217, 220 (1st Cir. 1999); Alves v. Daly, No. CIV.A. 12-10935-MLW, 2015 WL 3960891, at *1 (D. Mass. June 29, 2015).

Once a case has been settled and dismissed, a court must establish ancillary or subject-matter jurisdiction of the settlement agreement before enforcing it. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377-79 (1994). A court has ancillary jurisdiction over a settlement agreement only if the dismissal order "expressly retain[s] jurisdiction or expressly incorporate[s] the terms of a settlement agreement." Aronov, 562 F.3d at 93 n.13 (citing Kokkonen, 511 U.S. at 381). An order that merely refers to, or is made pursuant to, a settlement agreement does not incorporate the terms of settlement into the order. F.A.C., Inc. v. Cooperativa de Seguros de Vida de Puerto Rico, 449 F.3d 185, 190 (1st Cir. 2006).

Once jurisdiction is established, a court may hold a party in contempt for failing to comply with a settlement agreement that has been incorporated into a court order. See, e.g., Baella-Silva v. Hulsey, 454 F.3d 5, 10-11 (1st Cir. 2006); RFF Family Partnership, LP v. Link Development, LLC, 53 F. Supp. 3d 267, 273 (D. Mass. 2014).

II. ANALYSIS

The court previously decided that McDermott and Wilson entered into a settlement agreement. See Enforcement Order at 2. McDermott contends that in order to enforce the settlement agreement, the court must reestablished jurisdiction over the settlement agreement. This would be correct if Wilson were seeking

3

to reopen a case that has been settled <u>and</u> dismissed. <u>See</u> <u>Kokkonen</u>, 511 U.S. at 381. However, McDermott's suit was never dismissed. Therefore, the court retains jurisdiction to enforce the settlement agreement. <u>See</u> <u>Roman-Oliveras v. Puerto Rico Elec. Power Auth.</u>, 797 F.3d 83, 86 (1st Cir. 2015) ("<u>Kokkonen</u> does not block a district court from enforcing a settlement agreement <u>before</u> the underlying suit has been dismissed." (emphasis in original)).

Before holding McDermott in contempt, the court must find that he violated a clear and unambiguous court order. <u>See</u> <u>Saccoccia</u>, 433 F.3d at 27. Wilson argues that the settlement agreement and the Enforcement Order are clear and unambiguous. However, the settlement agreement is not a court order, and the Enforcement Order does not incorporate the settlement agreement. It orders the parties to comply with the settlement agreement, but does so without discussing or approving of the agreement's terms. <u>See</u> <u>F.A.C.</u>, 449 F.3d at 190 (examination of, rather than bare reference to, settlement agreement is required to incorporate terms). The court cannot hold McDermott in contempt for violating a settlement agreement, the terms of which have not been made part of a clear and unambiguous court order. <u>See</u> <u>NBA Properties, Inc. v. Gold</u>, 895 F.2d 30, 34 (1st Cir. 1990) (declining to hold party in contempt for violating settlement agreement that was not incorporated into consent decree); <u>Gardiner v. A.H. Robins Co.</u>, 747 F.2d 1180, 1190 (8th Cir. 1984) (finding "no authority for the

4

use of contempt . . . to enforce a court-approved compromise and settlement agreement, the terms of which are not incorporated in a court order"); see also Disability Law Ctr., 960 F. Supp. 2d at 284 (enforcement by contempt generally reserved for terms that have been evaluated and approved by court).

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Wilson's Motion for Contempt (Docket No. 16) is DENIED without prejudice.

2. The parties shall confer and, by February 29, 2016, report whether they have reached an agreement to resolve their dispute.

3. If the parties do not reach an agreement to resolve their dispute, they shall, by March 7, 2016, file memoranda addressing whether the court should incorporate the settlement into an Order directing both parties to comply with it.

                                              /s/ Mark L. Wolf
                                      UNITED STATES DISTRICT JUDGE